UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RONNIE E. BULLARD, JR.           )
                                  )
v.                             )        No. 1:03-cv-424 / 1:00-cr-115
                                  )        *Edgar*
UNITED STATES OF AMERICA     )

**MEMORANDUM**

Ronnie E. Bullard, Jr. ("Bullard") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. Pursuant to the Court's order [Doc. No. 3] the United States filed a response [Doc. No. 4]. Bullard filed a reply to the government's response. [Doc. No. 5]. After considering the motion, the government's response, and Bullard's reply, the Court concludes that Bullard's § 2255 motion will be **DENIED**. The record conclusively shows that he is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

I.    **Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due

process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

## II.    <u>Facts</u>

On June 22, 2000, an undercover Chattanooga Police Officer was driving down Camden Street when Bullard yelled at the passing vehicle. The undercover officer, equipped with a recording wire, stopped and arranged to buy a rock of crack cocaine from Bullard. Bullard briefly entered a vacant house and returned to the officer's vehicle with a rock of crack cocaine. The undercover officer paid Bullard with a marked $20 bill.

The police officers surveilling the purchase converged on Bullard and the vacant house as the undercover officer drove away. During the search of the house, officers found a large rock of crack cocaine and a razor blade. From Bullard the officers recovered $600 in cash, including the marked $20 bill used in the undercover purchase.

A grand jury initially returned a one-count indictment, charging Bullard with possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) an (b)(1)(B). Subsequently, a grand jury returned a two-count indictment against Bullard, adding a charge of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The government filed a notice of intent to use Bullard's prior convictions to enhance his sentence, pursuant to 21 U.S.C. § 851. Bullard went to trial, and the jury convicted him of both charges.

The probation office prepared a presentence report for Bullard. The report attributed 1.1 kilograms of cocaine base to Bullard, corresponding in a base offense level of 36, and determined Bullard's criminal history category was VI. However, the report also concluded that Bullard was a career offender pursuant to UNITED STATES SENTENCING GUIDELINES § 4B1.1, based on two Tennessee convictions for possession of cocaine for resale, one in 1997 and one in 1998.

Consequently, Bullard's total offense level was 37 and his criminal history category was VI, resulting in a guidelines range of 360 months to life imprisonment.

The Court sentenced Bullard to 360 months. Bullard appealed his judgment of conviction, contending that the evidence was insufficient to support his convictions. The Court of Appeals for the Sixth Circuit found the evidence sufficient and affirmed Bullard's convictions. *United States v. Bullard*, No. 01-5703, 2002 WL 31105160, at *1 (6th Cir. Sept. 19, 2002). Bullard timely filed this § 2255 motion.

### III.    Analysis

In his § 2255 motion Bullard contends that his counsel was ineffective in multiple ways. Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000). In *Strickland* the Supreme Court set forth a two-part test for evaluating ineffective assistance of counsel claims. 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. First, a defendant must demonstrate that counsel's performance was deficient, falling below an objective standard of reasonableness. *Id.*; *Sowell*, 372 F.3d at 836-37. Second, a defendant must establish that this deficient performance prejudiced the defense. *Id.*; *Sowell*, 372 F.3d at 836-37.

In determining whether an attorney's conduct was deficient, a defendant must demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*; *Sowell*, 372 F.3d at 836. The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. *Id.* at

689; *Sowell*, 372 F.3d at 837. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonably professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90; *Sowell*, 372 F.3d at 837.

The second prong of the *Strickland* test requires a defendant to show that his attorney's deficient performance prejudiced his case. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. To establish prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *accord Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. A defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the criminal proceeding would have been different. *Id.* at 694; *Smith*, 348 F.3d at 199. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial or judicial proceeding. *Id.* at 693-94.

Bullard first alleges that his counsel was ineffective for failing to move for discovery of the affidavit supporting the "authorized interception of wire, oral, and electronic communication." [Doc. No. 2 at p.3]. Bullard argues that the recording of the drug purchase by the undercover officer required a warrant and supporting affidavit. To Bullard, his counsel was ineffective for failing to seek discovery of the supporting affidavit. Contrary to Bullard's contention, no warrant or supporting affidavit was necessary to authorize the recording of the undercover drug buy. For a law enforcement agent does not need a warrant to record a communication to which he is a party, even if he is acting undercover. *Lopez v. United States*, 373 U.S. 427, 437-39 (1963). In this case, the undercover officer was obviously a party to the communication. Consequently, no warrant or affidavit was necessary to record the communication. There was no affidavit to discover, and

-4-

Bullard's counsel was not ineffective for failing to do so.

Bullard similarly contends his counsel was ineffective for failing to move to suppress the recording of the drug deal. Bullard specifically contends that this recording was an unauthorized interception of an oral communication in violation of Title III of the OMNIBUS CRIME CONTROL AND SAFE STREETS ACT OF 1968. Bullard is simply incorrect. The Act provides:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c). In this case the recording was made by an undercover officer who was a party to the communication. Consequently, the recording was not a violation of Title III and, as discussed above, did not require a warrant. Bullard's counsel was not ineffective for failing to raise this meritless argument.

Bullard next argues that his counsel was ineffective in dealing with allegedly inappropriate grand jury proceedings. Bullard specifically contends that the government lied to the grand jury regarding the type of drug involved in this case. According to Bullard, lab results indicated two types of drugs were involved in the offense while the government indicated to the grand jury that only one type was involved. Bullard argues that his counsel was ineffective for failing to seek discovery of this information and for failing to move to dismiss the indictment due to the government's lies.

Bullard's counsel's performance in dealing with the grand jury proceedings was not deficient because Bullard's underlying contention is incorrect. In other words, the government did not lie to the grand jury. From their investigation, law enforcement officers recovered two substances: one

small substance, which was sold by Bullard to the undercover agent; and one large substance, which was recovered from the house during the search. The DEA forensic chemist tested both substances, each containing a mixture of caffeine and cocaine base. [Case No. 1:00-cr-115, Doc. No. 30 at p. 59-62]. As the trial testimony indicates, the caffeine was an adulterant, combined with the cocaine base to increase the drug quantity and to enhance the effect of the drug. [*Id.* at p. 59]. In short, contrary to Bullard's contention, there was only one drug, a mixture or substance containing cocaine base. Consequently, Bullard's counsel was not deficient for failing to raise either meritless argument.

Further, even assuming such performance was deficient, it did not prejudice Bullard. Bullard went to trial where his counsel fully cross-examined the forensic chemist regarding the drug testing and the drug type. [Case No. 1:00-cr-115, Doc. No. 30 at p. 66-71]. And the jury still convicted Bullard of both counts which charged cocaine base as the drug type. That the jury convicted Bullard cleansed any alleged abuse in the charging decision. *See United States v. Mechanik*, 475 U.S. 66, 69-73 (1986). Accordingly, Bullard's counsel's pre-trial failures regarding the grand jury proceedings did not prejudice Bullard.

Bullard also contends his counsel was ineffective at trial. In his initial memorandum, Bullard indicates that he cannot pinpoint any specific trial errors of constitutional magnitude because he does not have the trial transcript, including the voir dire and jury instructions. [Doc. No. 2]. The government argues that Bullard's claim is frivolous because he fails to identify any particular error. [Doc. No. 4 at p. 8]. Bullard replies as follows:

> If the Government wants claims to be presented here are a few. (1) the Petitioner's petit jury selection didn't represent a fair cross section of the community; (2) the jury that were (sic) selected were (sic) a group set in place by the Government to here (sic) only black

cases; (3) member of the jury had involvement in law enforcement; (4) the District Court never conducted an examination of the prospective jurors in order to reveal the bias of the jury; (5) the District Court Judge never examine (sic) the jury for prospective preconceptions of the defendant's guilt; (6) the trial court did not exclude for cause the prospective juror who was not statutorily qualified; (7) Federal Rules of Criminal Procedures (sic) 24(b) allots peremptory challenges according to the gravity of the offense, but the Petitioner wasn't allowed the correct number of challenges according to the offense that carried a Life sentence; (8) the Federal jury was a member of a cognizable racial group .... and several more claims.

The jury never was instructed of the elements of the offense pursuant to 21 U.S.C. § 841(a)(1) concerning the Defendant (sic) distribution and the allege (sic) sale (sic) of the drugs.

[Doc. No. 5 at p. 5].

None of Bullard's laundry-list of claims entitles him to any relief. Bullard fails to support his claims with any facts or allegations. Legal conclusions unsupported by factual allegations are insufficient to entitle a petitioner to relief under § 2255. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *accord Mitchum v. United States*, No. 01-6559, 2003 WL 21911335, at *2 (6th Cir. Aug. 7, 2003). Indeed, when a petitioner files a § 2255 motion, he must set forth facts entitling him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Bullard fails to assert any factual allegations or offer any evidence to support his claims.

That Bullard does not have the transcript of the voir dire or jury instructions to bolster his claims is no excuse. The Court is not required to provide Bullard a transcript so that he may embark on a fishing expedition in search of post-conviction claims. *See* 28 U.S.C. § 753(f); *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970); *accord Corrigan v. Thoms*, No. 02-5664, 2003 WL 343247, at *2 (6th Cir. Feb. 12, 2003); *United States v. Wilson*, No. 01-1070, 2002 WL 31472439, at *1 (6th Cir. Nov. 1, 2002). Consequently, the complete lack of any factual allegations or

supporting evidence renders Bullard's claims insufficient to warrant relief under § 2255.

Bullard also contends that his counsel was ineffective at the sentencing proceeding in several respects. Bullard alleges his counsel was ineffective for failing to argue that a 1998 conviction in Georgia for simple possession of cocaine, which was listed in the Notice of Enhancement filed pre-trial pursuant to 21 U.S.C. § 851, does not qualify as a predicate conviction to deem a defendant a career offender under UNITED STATES SENTENCING GUIDELINES § 4B1.1; for failing to object to the use of a 1997 conviction in Tennessee to deem Bullard a career offender because the offense was not listed in the Notice of Enhancement; for failing to argue that the two convictions relied upon to deem Bullard a career offender are not qualifying convictions because his sentence in each case was suspended.

Bullard confuses the difference between the use of prior convictions to enhance a sentence pursuant to 21 U.S.C. § 851 and the use of prior convictions to deem a defendant a career offender under U.S.S.G. § 4B1.1. Section 851 establishes the procedures the government must follow to enhance a defendant's statutory maximum sentence with a prior conviction. *See United States v. Denkins*, 367 F.3d 537, 548 (6th Cir. 2004). Status as a career offender, on the other hand, is defined in U.S.S.G. § 4B1.1 and enhances a defendant's sentencing guidelines range, not the statutory sentencing range.

Bullard's statutory maximum sentence was properly increased. A defendant's statutory sentence can be enhanced if the government complies with the requirements of § 851 and if the defendant has one prior felony drug conviction. *See* 21 U.S.C. § 841(b); *Denkins*, 367 F.3d at 548. Qualifying felony drug convictions include those for simple possession. *United States v. Spikes*, 158 F.3d 913, 931 (6th Cir. 1998). In this case, the government complied with the requirements of § 851

-8-

by filing a Notice of Enhancement. The notice listed two prior convictions: a 1998 conviction in Tennessee for possession of cocaine for resale; and a 1998 conviction in Georgia for possession of cocaine. Either conviction alone was sufficient to increase Bullard's statutory maximum sentence because each is a felony drug conviction.

Similarly, Bullard was properly deemed a career offender. To be a career offender, U.S.S.G. § 4B1.1 requires at least two prior felony convictions of either a crime of violence or a controlled substance offense. A qualifying controlled substance offense includes the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of such substance with the intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2. In other words, unlike the statutory enhancement above, it does not include simple possession of a controlled substance. *United States v. Wright*, No. 00-4468, 2002 WL 1822901, at *3 (6th Cir. Aug. 7, 2002). In this case Bullard has two qualifying controlled substance convictions: a 1997 conviction in Tennessee for possession of cocaine for resale and a 1998 conviction in Tennessee for possession of cocaine for resale. [Case No. 1:00-cr-115, Presentence Report at ¶¶ 33 and 35]. Contrary to Bullard's contention, his career offender status was not based on the 1998 conviction in Georgia for simple possession of cocaine. [*See id.* at ¶ 34].

Section 4B1.1 also requires that the qualifying offenses be punishable by imprisonment for a term exceeding one year. The sentence actually imposed is irrelevant, so long as the offense is punishable by imprisonment for a term exceeding one year. *United States v. Calloway*, No. 99-6731, 2001 WL 857194, at *1 (6th Cir. Jun. 21, 2001). In Tennessee possession of cocaine for resale is a felony offense, regardless of the amount of cocaine, and is punishable by imprisonment for a term exceeding one year. Tenn. Code Ann. § 39-17-417(c). Consequently, even though his sentence for

each offense was suspended, Bullard's convictions are qualifying offenses because they are *punishable* by a imprisonment for more than one year.

Further, unlike the statutory enhancement above, the government need not notify a defendant of the prior convictions which will be used to deem a defendant a career offender under § 4B1.1. *United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993); *see also United States v. Herrera*, 375 F.3d 399, 407 (6th Cir. 2004). Consequently, that Bullard's 1997 conviction was not referenced in the government's notice filed pursuant to 21 U.S.C. § 851 is irrelevant, because such notice is not necessary. Bullard's counsel was not ineffective at the sentencing proceeding.

Finally, Bullard contends his counsel was ineffective during plea negotiations. According to Bullard, his counsel indicated that the government "was willing to offer a negotiated plea of 168 to 232 month(s) if [Bullard] plead (sic) guilty." [Doc. No. 2 at p.12]. Bullard rejected this agreement, believing that a sentence of 168 to 232 months was excessive for his crime and prior convictions. Bullard contends that he would have accepted a plea offer which reflected the appropriate sentencing range which Bullard believes should be far below 168 to 232 months. Accordingly, Bullard argues his counsel was ineffective for not determining the appropriate range and negotiating a plea which involved a sentence in that range.

Bullard's counsel was not ineffective in her plea negotiations. To the contrary, Bullard's counsel negotiated a very favorable agreement for Bullard. As determined above, Bullard was appropriately deemed a career offender under the guidelines and his corresponding sentencing range was 360 months to life. Bullard's counsel negotiated an agreement whereby Bullard's sentence could have been less than half of the appropriate sentencing range. But Bullard refused to accept the agreement, went to trial, and was sentenced to 360 months. Bullard's counsel certainly was not

ineffective for negotiating a favorable plea agreement which Bullard was unwilling to accept.

Because Bullard's counsel was not ineffective, Bullard's motion for relief pursuant to 28 U.S.C. § 2255 will be **DENIED**. A separate order will enter.

_____
     */s/  R. Allan Edgar*
         R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE